Order, Supreme Court, New York County (Martin Shulman, J.), entered March 15, 2012, which, insofar as appealed from as limited by the briefs, denied petitioners’ motion for summary judgment declaring that their backup power equipment is not assessable as real property as a matter of law and that certain tax assessments on that equipment are nullities due to the municipal respondents’ failure to provide timely notice thereof, *539 and, upon a search of the record, awarded respondents summary judgment dismissing the causes of action seeking those declarations, unanimously modified, on the law, to vacate the award of summary judgment dismissing those causes of action and substitute therefor the declarations that petitioners’ backup power equipment is assessable as real property and that the assessments at issue are not nullities for lack of notice, and otherwise affirmed, without costs.
The property at issue is backup power equipment situated on leased premises around Manhattan, “hubs” of which comprise “Uninterruptible Power Supply” equipment (consisting of banks of batteries that smooth out power fluctuations and provide backup power in the event of brief power interruptions) and emergency backup generators, each capable of generating between 400 and 1,000 kilowatts of electricity, with fuel tanks of up to 1,800 gallons each. It is undisputed that each of petitioners’ installations of backup power equipment may be removed by a few workers within two to four days, without any material injury to any structural element of the buildings in which they reside. Nevertheless, we reject petitioners’ argument that this property is not assessable under Real Property Tax Law § 102 (12) (f) because it falls within the exception for “movable machinery or equipment.”
RPTL 102 (12) (f) provides that “ ‘Real property’ . . . mean[s] and include[s]”: “Boilers, ventilating apparatus, elevators, plumbing, heating, lighting and power generating apparatus, shafting other than counter-shafting and equipment for the distribution of heat, light, power, gases and liquids, but shall not include movable machinery or equipment consisting of structures or erections to the operation of which machinery is essential, owned by a corporation taxable under article nine-a of the tax law, used for trade or manufacture and not essential for the support of the building, structure or superstructure, and removable without material injury thereto.”
Petitioners’ backup power equipment clearly is “power generating apparatus,” which is defined as assessable real property, and, at the same time, appears to be “movable machinery,” which on its face is excluded from the definition of real property. However, section 102 (12) (f) derives from former Tax Law § 3 and was “intended to effectuate a continuation and restatement, without change in substance or effect, of the provisions of [that] law[ ] and the classification of any property as real property or personal property, as the case may be, shall not be broadened, increased, discontinued, diminished, affected or impaired by reason of such re-enactment” (RPTL 2002 [5]; see *540 Matter of City of Lackawanna v State Bd. of Equalization & Assessment of State of N.Y., 16 NY2d 222, 228 [1965]). Former Tax Law § 3 provided, in pertinent part: “All real property within the state is taxable unless exempt from taxation by law. . . . Notwithstanding any provision of this chapter, or of any other general, special or local law to the contrary, personal property, whether tangible or intangible, shall not be liable to taxation locally for state or local purposes. As used in this section, the term ‘personal property,’ in its application to the property of corporations taxable under article nine-a of this chapter, shall include any movable machinery and equipment used for trade or manufacture and not essential for the support of the building, structure or superstructure, and removable without material injury thereto and shall not include boilers, ventilating apparatus, elevators, plumbing, heating, lighting and power generating apparatus, shafting other than counter-shafting, equipment for the distribution of heat, light, power, gases and liquids, nor any equipment consisting of structures or erections to the operation of which machinery is not essential. An owner of a building is entitled to the same exemption under this section as a lessee.”
Thus, former Tax Law § 3 provided that “personal property” included “movable machinery and equipment used for trade or manufacture and not essential for the support of the building, structure or superstructure, and removable without material injury thereto” but did not include, inter alia, “power generating apparatus.” Construing RPTL 102 (12) (f) as carrying forward former Tax Law § 3’s provisions without substantive change (see RPTL 2002 [5]), we find that under RPTL 102 (12) (f) “power generating apparatus” is assessable real property, regardless of whether it is also “movable machinery [or] equipment.”
We reject petitioners’ alternative contention that their backup power equipment is telecommunications equipment, which they argue was specifically exempted from real property tax by the enactment of chapter 416 of the Laws of 1987. That legislation declared that “[cjentral office equipment” and “telecommunications equipment,” which “mean[t] and include[d] equipment used to provide transmission or switching of electromagnetic voice, video and data signals between different entities . . . and related equipment necessary to the operation of such equipment . . . , shall constitute real property subject to taxation pursuant to the real property tax law” (L 1987, ch 416, § 6). Contrary to petitioners’ contention, chapter 416 does not repeal any and all property taxes on telecommunications equipment. It repeals *541 then existing telecommunications-specific taxation provisions and provides that telecommunications equipment will thereafter be subject to real property taxation according to the generally applicable provisions of the Real Property Tax Law.
We have considered petitioners’ remaining arguments, including their claim that respondents’ failure to mail written notice of the assessments to petitioners’ updated mailing address rendered the assessments void, and find them unavailing. Concur — Mazzarelli, J.E, Sweeny, Moskowitz, Renwick and Freedman, JJ.